**Wen Xi LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74618.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Armin A. Skalmowski, Alhambra, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Ila C. Deiss, Office of the U.S. Attorney, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Seattle, WA, Jamie M. Dowd, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Wen Xi Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review. The IJ denied relief on the ground that Lin was not credible. Lin presented inconsistent accounts of his interactions with police, and the agency adequately considered his explanations regarding these discrepancies. *See Wang v. INS,* 352 F.3d 1250, 1256 (9th Cir.2003) (upholding IJ's determination that petitioner's explanation for inconsistency was unlikely). The record does not compel a contrary conclusion. *See id.* at 1259 (so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the claim of persecution, the Court is bound to accept the IJ's adverse credibility finding).

In the absence of credible testimony, petitioner failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.